NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PAULO RICARDO NUNES DOS SANTOS; ISLANNA KYVIA SOUZA DA SILVA; C. R. N. D. S., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5284 <br><br> Agency Nos. <br> A213-400-064 <br> A220-562-723 <br> A220-562-724 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Paulo Nunes Dos Santos, his wife, and their son, all natives and citizens of

Brazil, petition for review of the Board of Immigration Appeals' ("BIA") decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing their appeal of the immigration judge's ("IJ") order denying their applications for asylum and withholding of removal.[1]  Factual determinations, such as the nexus finding, are reviewed for "substantial evidence."  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).  We deny the petition.

A petitioner must show that he is "unable or unwilling" to return to his home country because he either previously experienced, or fears that he will experience, "persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1)(A).  To be eligible for asylum or withholding of removal, the petitioner must show a "nexus" between the harm that he previously experienced or fears that he will experience, and one of the protected grounds listed.  *Barajas-Romero v. Lunch*, 846 F.3d 351, 357 (9th Cir. 2017).  For asylum, the petitioner must show that "the protected characteristic is at least a "central reason" for the past or feared harm.  *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009).  For withholding of removal, the petitioner must show that the protected ground was "a reason" for that harm.  *Id.*; *see also Umana-Escobar*, 69 F.4th at 551.

Substantial evidence supports the BIA's determination that there was no

---

[1]     Nunes Dos Santos is the lead petitioner.  Nunes Dos Santos and Souza Da Silva filed separate applications for asylum and withholding of removal.  Their son is a derivative beneficiary.  This petition relates solely to the underlying factual contentions in Nunes Dos Santos's applications for relief.

nexus between a protected ground and Nunes Dos Santos's claimed persecution. Nunes Dos Santos argues that the militia members who allegedly persecuted him in Brazil may have had a "mixed motive," encompassing both a desire for economic gain and a desire to punish him for a political opinion. But he presents no evidence, direct or circumstantial, that the militia knew or believed that he held any political opinion, let alone one that made him a target. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("[An] applicant for asylum must present evidence of the persecutor's views."). The only evidence in the record is that Nunes Dos Santos was persecuted because he refused to pay the militia's extortion money. A desire to be free from harassment or extortion alone bears no nexus to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

**PETITION DENIED.**[2]

---

[2] Petitioners' Motion to Stay Removal, Dkt. No. 3, is DENIED. Respondent's Motion for a Stay of the Deadline to Respond to Petitioners' Stay Motion, Dkt. No. 11, is DENIED as moot.